CANADAY COOLER CO., INC., Respondent, *v.* HELEN CELEBERTI and Another, Copartners, Doing Business under the Trade Name and Style of HELENA UNDERWEAR COMPANY, Appellants.

Supreme Court, Appellate Term, First Department, December 13, 1933.

*Juskowitz & Juskowitz,* for the appellants.

*Samuel Lippman,* for the respondent.

Per Curiam. The defendants in this case on a hiring of personal property agreed that in default of written notice of cancellation thirty days before the expiration of the term of hiring, the hiring should continue for a further period of thirty-six months.

No such notice was given, and the defendants made payment under the contract for a period subsequent to the term of the original hiring.

On appeal this court affirmed plaintiff's judgment.

Upon this motion the appellants rely on the prior decision of this court in *Fox Construction Co.* v. *Logan Construction Co., Inc.* (170 N. Y. Supp. 50).

While the case cited sustains appellants' contention — that case like the present being one of " automatic renewal "— the authorities there relied upon (*Chamberlain* v. *Pratt,* 33 N. Y. 47; *Chase* v. *Second Ave. R. R. Co.,* 97 id. 384) do not sustain the *Fox* decision, the facts in the Court of Appeals cases being that certain personal property was hired for a certain term, and after the expiration of the term (in the absence of an agreement by the parties as to the effect of the retention of the chattel after such expiration) the plaintiff sought to hold the bailee for an additional term, and the court decided that the " hold over " doctrine had no application to the hiring of personal property.

If a tenant holds over after the expiration of his term, the law, irrespective of the attitude of the tenant, gives the landlord an option to hold the tenant for another year, so that the tenant holds over at his peril (*Haynes* v. *Aldrich,* 133 N. Y. 287), and it is that doctrine which is inapplicable to a hiring of personal property.

But where, as here, we have a contract which expressly provides for the bailee's liability in the contingency of retention of the chattel after the expiration of the term in default of the giving of a specified notice, we think that the contract controls.

Motion denied, with ten dollars costs.

All concur; present, Lydon, Levy and Callahan, JJ.